Filed 09/26/24

## STATE OF VERMONT

SUPERIOR COURT
WINDHAM UNIT

CIVIL DIVISION
Docket No. 21-CV-1251

JOHN DOE,
    Plaintiff,

v.

NEW ENGLAND KURN HATTIN HOMES,
    Defendant

### Decision on All Pending Motions

The court has reviewed all motions and rules below on all motions shown in the court record as pending.

Motion #15 was resolved by the court in an Entry Order of August 19, 2022 clarifying the status of pending motions at that time. It is now *moot.*

Motion #23 related to an extension of the ADR order and is no longer pertinent given the passage of time. It is now *moot.*

Motion #28 to continue a status conference was granted in an entry order of October 2, 2023. It is now *moot.*

Motion #31:  Plaintiff's Motion to Amend Complaint and to Seal It, filed March 8, 2024

Plaintiff seeks to change Count I from Negligence to Gross Negligence and to add two new causes of action: Grossly Negligent Infliction of Emotional Distress and Battery, enlarging the claims from three to five. Defendant opposes the motion. Attorneys for both parties recognize the liberal policy of amending complaints reflected in Vermont case law and that while amendments are generally favored, denial of leave to amend may be based on undue delay, bad faith, futility, and/or prejudice to the opposing party. Defendant argues undue delay and prejudice.

While Defendant is correct that the case has been pending a long time, discovery is only partially complete. The motion was filed after deadlines for written discovery requests and disclosure and deposition of Plaintiff's experts and of lay witnesses, but prior to Defendant's expert disclosure and deposition of Defendant's expert and Independent Medical Exam. Plaintiff alleges that new information has been learned in discovery. Plaintiff also alleges that extensive additional discovery would not be required beyond what was foreseeable based upon the original

1

claims. While the length of time the case is taking is unfortunate, much of the delay is not attributable to the Plaintiff, and the motion to amend was filed at a reasonable time in the development of factual information pertinent to the causes of action. At a status conference held on March 11, 2024, three days after the motion was filed, the Judge asked the attorneys to submit their requests for an updated pretrial scheduling order. Given the fact that discovery provided new information and the motion was filed well before the conclusion of the discovery period, the court cannot conclude that there was undue delay on the part of Plaintiff in the filing of the motion to amend.

Defendant argues that the motion constitutes an eleventh hour attempt to change tactics that is prejudicial by causing Defendant to have to address new legal theories and new factual allegations and incur additional costs. However, the new factual and legal allegations are closely related to the claims as set forth in the original complaint and are alleged to be based largely on the same facts and information developed in discovery. A purpose behind Vermont's liberal amendment policy is to allow claims to be resolved on fully developed information resulting from the discovery process. The proposed amendments do not have the effect of opening entirely new lines of inquiry, but rather rely on factual allegations that are the same or similar to those alleged in the original claims. The case needs an updated pretrial scheduling order in any event, and the new one issued this day provides for the opportunity for discovery on the new material. The court cannot conclude that Defendant is prejudiced by the reframing of Count I or the additions in the proposed amended complaint.

Therefore, the court will grant the motion but with the following exception. In proposed paragraph 12, Plaintiff suggests that Defendant has made false claims and purports to "reserve a right to bring a defamation claim later." V.R.C.P. Rule 8 (a) requires that a complaint "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Paragraph 12 does not comply with this requirement in its attempt to "reserve" a claim for the future and Defendant should not be required to respond to it. Paragraph 12 shall be eliminated from an amended complaint and the statements therein shall have no force or effect in this or future proceedings. Therefore, the Motion to Amend is granted with the exception that proposed Paragraph 12 shall be eliminated from the amended complaint to be filed.

Plaintiff asks the court to allow the amended complaint to be filed under seal and to allow Plaintiff to file a redacted public version. No proposed redacted public version has been filed so the court cannot evaluate it. Compliance with Rule 9 of the Vermont Rules for Public Access to Court Records has not been shown. The request to seal and file a redacted public version is denied. Given the subject matter of the complaint, however, an amended complaint in the form of Exhibit A, without paragraph 12, may be filed under seal pursuant to 12 V.S.A. § 522 (b).

Therefore,

1. the Motion to Amend and Seal is *granted* on terms as set forth above, and
2. Any amended complaint in the form of Exhibit A, without paragraph 12, must be filed by October 4, 2024 and filed under seal pursuant to 12 V.S.A. § 522 (b).

<u>Motion #32: Plaintiff's Motion to Approve Second Amended Protective Order, filed March 22, 2024</u>

This motion was filed by Plaintiff on March 22, 2024, with Exhibits A-C. Defendant filed on Opposition on April 5, 2024, and Plaintiff filed a Reply. Plaintiff's counsel requested oral argument on the motion, but has presented exhaustive argument in both the motion and the reply and has not provided a good reason for oral argument. The request for oral argument is denied. V.R.C.P. 7 (b)(5).

Plaintiff seeks to replace the Protective Order that was negotiated by the attorneys on the case in March 8, 2022 and has been in place since then with one with different terms. The current Order was negotiated on behalf of Plaintiff by his original counsel and approved and ordered by Judge Hayes following her review. The Order and the related confidentiality agreement that it references have not been shown to violate any law or create an impediment to the Plaintiff's ability to pursue his claims in this case. Plaintiff's change of counsel does not constitute a basis for changing the terms of the agreement which has been relied on and governed the course of trial preparation for over two years. Plaintiff has not shown good grounds for replacing the Protective Order with a new one.

For the foregoing reasons, the motion is *denied.*


<u>Motion #33: Defendant's Motion to Maintain the Current Discovery Deadlines & Trial Readiness Date, filed March 25, 2024.</u>

The deadlines in the schedule Defendant advocates have already passed, and the court has this day allowed an amended complaint that adds new causes of action. A new schedule is needed. Plaintiff's proposal includes new deadlines that would reopen already expired deadlines. Plaintiff's explanation is that Defendant has wrongly refused to provide requested discovery and Plaintiff intended to file a Motion to Compel. Plaintiff did file such a motion, which is addressed in this ruling and the motion is denied. The outcome is that there is no need to reopen expired deadlines. Moreover, Plaintiff acknowledges that the new causes of action in the proposed amended complaint are based on the same facts as those in the original claims. There is no need to reopen Plaintiff's expert disclosure deadline to allow an expert opinion related to the IME, as that was already contemplated in the previous order and no expert was disclosed. There is a need to provide additional reasonable time for discovery and pretrial procedures related to the new causes of action in the amended complaint.

The motion is *denied.* The court issues this day a separate updated Pretrial Scheduling Order.

<u>Motion #34: Defendant's Motion to Seal, filed April 5, 2024</u>

Defendant moves to seal (1) Plaintiff's Motion to Approve Second Amended Protective Order, (2) the Confidentiality Agreement attached to Plaintiff's Motion (Exhibit C), and Defendant's Opposition to the Motion (Exhibit A).

The court has reviewed the Motion to Approve the Second Amended Complaint, Defendant's Opposition, and Plaintiff's Reply as well as Defendant's Opposition. Defendant has not provided good cause for sealing of those documents except for the Confidentiality Agreement, which is Exhibit C attached to Plaintiff's Motion, and which was not required to be filed with the court by Judge Hayes. Except for Exhibit C, none of the other documents include information that appears to require confidentiality.

Therefore, the motion is *denied,* except that Exhibit C to Plaintiff's Motion #32, filed March 22, 2024, shall remain sealed.

<u>Motion #35: Plaintiff's Motion to Access Court Documents, filed May 13, 2024</u>

Plaintiff seeks to change the effect of an Order of October 13, 2022 issued by the then-Presiding Judge. It pertains to the court reviewing a document *in camera* in connection with making a ruling on a discovery motion. For the reasons set forth by Defendant, V.R.C.P. 60 (b) governs the analysis and grounds pursuant to that rule have not been shown.

Therefore the motion is *denied.*

<u>Motion #36: Plaintiff's Motion to Compel Discovery, filed May 24, 2024</u>

Plaintiff seeks an order compelling Defendant to produce a number of different items of discovery Defendant has declined to provide. Although no certificate pursuant to V.R.C.P. 26 (h) has been filed, both attorneys in their filings refer to a meet and confer session they held on April 1, 2024. The court is consequently satisfied that the meet and confer requirement has been met and will address the motion despite the lack of a certificate.

*Independent Investigation.* Plaintiff claims that Defendant agreed to provide to Plaintiff's first counsel (Mr. Bixby) a report of an independent investigation into conduct apparently similar to that alleged in this lawsuit but involving other persons. Defendant argues that there was no such agreement and that disclosure is prohibited by confidentiality agreements with third parties. Having read the emails on the issue, the court agrees that the emails do not support the existence of an agreement. In an email message, Defendant's counsel summarized an agreement that she thought the attorneys had reached in discussion and asked Mr. Bixby to confirm that the terms were correct. In a paragraph entitled "Plaintiff's Discovery of Information Regarding the Independent Investigation," Defendant's Attorney had written that Attorney Bixby would 'wait for receipt of the public investigative report, and agrees that this report will satisfy all of his

4

pending discovery requests relating to the independent investigation." Attorney Bixby responded on that issue with the following paragraph:

> As to the Independent Investigation. Plaintiff will waive his request for production of the Independent Investigation conducted by Kum Hattin at this time. Plaintiff will await a full investigation consisting of the Doherty/Survivors Investigation. At the time that the Doherty Investigation is completed, Plaintiff requests full copies, unredacted copies of both investigations. My understanding is that the "Public Report" may be sanitized, and/or redacted and/or limited from the full report. So, I am holding off until all reports are completed and will seek full unredacted reports (unredacted meaning content, not identities of survivors).

October 12-13, 2022 emails in Attachment C, Plaintiff's Motion to Compel, Motion #36.

There is no indication of any further communication on the subject. The email shows that Attorney Bixby waived his request for the document that was offered and proposed an alternative arrangement. There is no evidence of any followup communication showing that any agreement was ever reached on his proposed different terms for providing any version of an investigation report. The request to compel production must therefore be denied.

*Settlements with Nonparty Claimants.* Plaintiff requested copies of settlement agreements between Defendant and former non-party wards of Kurn Hattin. Defendant claims that they are not discoverable because they are confidential. Plaintiff claims that they could "lead to evidence about other abuse victims and the circumstances of their abuse." Defendant argues that in addition to being protected by confidential settlement agreements, any information would not be relevant to Plaintiff's own claims against Kurn Hattin and supports its argument with case citations.

Under V.R.C.P. 26 (b)(1), material is discoverable if it is "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The court concludes that settlement agreements with other persons who are not party to the case are not required to be disclosed in discovery both because they are subject to the terms of confidentiality agreements, and because the experiences and claims of other persons unrelated to those of John Doe are not automatically relevant to his claims. The court cannot assume relevance based on a broad allegation of possibility. The request to compel production must therefore be denied.

*Personnel files.* Plaintiff has requested personnel files and identification of Kurn Hattin employees from 1968 to 1974, the period that John Doe was a ward at Kurn Hattin. Defendant has produced personnel files for eight former employees, all of whom are deceased. It declines to provide a personnel file for a person named Stanley Rumrill whom it claims was employed years after Plaintiff left the school. It also declines to provide files for living former employees pursuant to the terms of 12 V.S.A. § 1691a, which provides a procedure for notice to employees when a party in a civil action seeks employee personnel files in discovery in a civil case. Plaintiff argues that the statute is inapplicable because it only applies to persons employed by the State. Defendant argues that it is not so limited and applies to private employers as well and that Plaintiff has not complied with its requirements.

Plaintiff has not supported his argument that the requirements apply only with respect to employees of the State. 12 V.S.A. § 1691a contains no such limitations, and its first provision on "Policy" indicates that it applies to all employee personnel records: "It is the policy of this State that an employee's personnel records should not be discovered by a party in a civil action without first giving the employee notice and an opportunity to object to the discovery of the records." 12 V.S.A. § 1691a (a). See also *Rivard-Pedigo v. Okemo Ltd. Liab. Co.*, 2017 WL 5992387 (D. Conn. Dec. 4, 2017) (applying Vermont law). The cross reference to the federal statute has the effect of ensuring that the statute applies when a government is the employer, i.e., not just to private employers. The court concludes that the statute applies in this case.

The statute sets forth a procedure whereby the employer provides the civil action party with the names and addresses of employees whose records are sought, and it is the responsibility of the civil action party to provide them with specified notice and an opportunity to respond and be heard. Defendant claims that it has offered to locate and contact living former employees who worked at Kurn Hattin between 1968 and 1974 and provide contact information to Plaintiff's counsel for purposes of the statutory notification. There is no information that Plaintiff has asked Kurn Hattin to do so, presumably based on a position that the statute is inapplicable.

The court concludes that the statute is applicable, and Plaintiff has had the opportunity to obtain contact information from Kurn Hattin and pursue access to the personnel files it seeks by following the statutory procedure, but has apparently not done so. Rather, Plaintiff asks the court to compel Defendant to produce the files. The court declines to compel production of the files because there are required statutory procedures that Plaintiff has not followed despite having had the opportunity to do so.

*Documents related to William Gill.* Plaintiff has requested documents related to a person named William Gill and cites to its letter of March 19, 2024, ¶ 7 in Attachment A to his Motion. The court has reviewed ¶ 7. In that paragraph, Plaintiff does not actually identify the information he seeks or sought in any proper discovery request, although he refers to "any claims of sexual assault or abuse while in the employ of Kurn Hattin, including any information about Mr. Gill being a registered sex offender." Plaintiff also objects to Defendant's claims of attorney-client privilege, confidentiality pursuant to a Confidentiality Agreement, and unavailability as an educational record under FERPA.

Defendant responds that it has not been able to locate a personnel file for him. It represents that the discovery request was for "any and all information regarding" William Gill. Defendant argues in a footnote that the request is overly broad and also seeks information protected by the attorney-client privilege and the parties' Confidentiality Agreement. This presumably refers to the parties' Confidentiality Agreement of August 24, 2021 that was made by the attorneys for the parties and did not become a court order although it was referred to in the Stipulated Protective Order of March 8, 2022.

6

The information available to the court is that the request was for "any and all information regarding" William Gill. The court agrees with Defendant's response that this is overly broad. Whether or not any information is protected by the attorney-client privilege and a Confidentiality Agreement cannot be determined on the sparse information before the court.

Because the request is overly broad as it appears before the court in this motion, the Motion to Compel must be denied on this issue.

*Former Student Testimony.* Plaintiff seeks "survivor documentation, including identities of claimants and their claims of abuse against Kurn Hattin employees before January 1, 1975." Plaintiff seeks information related "to other potential instances of abuse that occurred at Kurn Hattin. . .which is directly relevant to Plaintiff's claims and to the understanding of his own experience of abuse as a child at Kurn Hattin." Plaintiff's Motion to Compel Discovery, page 2.

In the same October 12-13, 2022 email exchange cited above, Attorney Bixby signified his agreement to the following paragraph entitled "Plaintiff's Discovery of Third-Party Claimants' Allegations Between 1950 to 1975:"

> Attorney Dougherty will provide confidential non-identifying summaries of her clients' allegations against Kurn Hattin to Attorney Bixby, with copies to Attorney Karnedy. The summaries, however, will contain the names of the claimants' alleged abusers. This will satisfy all of Plaintiff's other outstanding requests to Defendant.

October 12-13, 2022 emails in Attachment C, Plaintiff's Motion to Compel, Motion #36.

Defendant argues that Plaintiff's counsel is bound by this agreement made by former counsel and cites multiple cases for the proposition that new counsel cannot avoid an agreement made with prior counsel on issues of discoverable material. The court adopts the reasoning in those decisions and concludes that Plaintiff is bound by Attorney Bixby's agreement. It is unknown whether Defendant has provided the material identified in the paragraph above. If that has not happened, Plaintiff is entitled to that information from Defendant's counsel.

Plaintiff also requests "survivor documentation, which includes the identities of victims or survivors of abuse at Kurn Hattin, and descriptions of any claim made for physical, sexual or emotional abuse against any employee of Kurn Hattin from before January 1, 1975." Plaintiff claims it is relevant "as it is likely to show a pattern of abuse at Kurn Hattin via the accounts of other students, and lead to relevant evidence." Motion to Compel Discovery, page 8. Specifically, Plaintiff requests witness statements, interview, and recordings of former students and Phillip Rumrill. Plaintiff alleges that Defendant claims all information that it has consists of attorney notes of witness statements, interviews, and recordings and the confidential work product of the independent investigator. (The court understands this to be a law firm hired by Kurn Hattin to do an independent investigation of claims of parties other than John Doe.)

Defendant argues persuasively, supported by case law, that attorney notes, including those taken during witness interviews, are protected by the attorney work product doctrine. Moreover, Plaintiff's allegation of the "relevance" of information about other student's experiences to Plaintiff's claim as required by V.R.C.P. 26 (b)(1) is simply that "it is likely to show a pattern of abuse at Kurn Hattin via the accounts of other students, and lead to relevant evidence." Whether there was abuse to other students, and by whom, may or may not have any connection to the specific claims of John Doe. Plaintiff's generalized allegation that it is likely to lead to relevant evidence of John Doe's claims is simply that—a generalized allegation. The court cannot conclude based on that allegation alone that Defendant is in possession of material other than attorney notes that is likely to provide facts relevant to the claims of John Doe about abuse to him. Plaintiff has not adequately supported his claim that this discovery that it has requested is likely to lead to evidence relevant to his claims.

For the foregoing reasons, the court declines the Plaintiff's request for oral argument and Plaintiff's motion to compel responses to requested discovery is *denied.*

Motion #37: Plaintiff's Motion for Order Permitting Observation and Recording of IME, filed May 31, 2024

While rulings of the federal courts concerning discovery matters are not binding on this court, and V.R.C. P. 35 does not prohibit what Plaintiff is seeking, the court finds the reasoning in the federal cases cited by Defendant to be persuasive and therefore denies the motion. Specifically, the presence of other persons and recording devices changes the nature of the IME process and introduces an adversarial element that interferes with the integrity of the process and the information to be developed in it. Plaintiff has not shown good cause for the request.

Therefore, the Motion is *denied.*

Motion #38: Defendant's Motion to Seal Defendant's Motion for Summary Judgment, filed June 5, 2024

Grounds having been shown, and no opposition having been filed, the motion is *granted.*

Motion #39: Defendant's Motion for Summary Judgment, filed June 5, 2024

Plaintiff has filed a motion for summary judgment that addresses the three causes of action in the original Complaint. The court has now granted the Plaintiff's request to file an amended complaint that would amend one of the causes of action and add two additional ones.

Within 14 days, Defendant shall file a notice with the court stating whether it seeks to pursue the Motion for Summary Judgment as filed, keeping in mind that Count I has now been amended, or whether it wishes to withdraw the motion or stay action on it pending further filing.

If no notice is timely filed, the Motion will be dismissed without prejudice.

Motion #40: Plaintiff's Motion to Hold Summary Judgment Motion in Abeyance and for Discovery Conference, filed June 26, 2024

This motion as it relates to Defendant's Summary Judgment motion will be ruled upon following the 14 days provided above for Motion #39. The request for a discovery conference is denied, as the court has had the opportunity to review and rule on the motions related to discovery.

Therefore, the motion regarding holding the Motion for Summary Judgment in abeyance is *granted temporarily pending further order,* and *denied* as to the request for a discovery conference.

Motion #41 Plaintiff's Motion to Extend Deadline to Respond to Summary Judgment Motion, filed June 28, 2024

This motion will be ruled upon following the 14 days provided above for Motion #39.

Electronically signed September 26, 2024 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout
Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned

9